IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Sandra W. Ortiz Alvarez,**<br><br>Plaintiff,<br><br>vs.<br><br>**United States of America**<br><br>Defendants. | Case No. **3:26-cv-01093**<br><br>**Plaintiffs Request**<br>**Trial By Jury** |

**Complaint For Damages Under The Federal Tort Claims Act**

**To The Honorable Court:**

**Comes Now** Plaintiff **Sandra W. Ortiz Alvarez,** through the undersigning counsel who respectfully **States and Prays:**

### I. Jurisdiction And Venue:

1. This is a civil action for money damages brought against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, for personal injuries caused by the negligent and wrongful acts and omissions of employees of the Transportation Security Administration (TSA), an agency of the United States Department of Homeland Security, acting within the scope of their employment.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1), in that the claims herein are for money damages for personal injuries caused by the negligent or wrongful acts or omissions of employees of the United States acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the law of the place where the acts or omissions occurred (Puerto Rico).

1

3. Plaintiff timely presented an administrative claim to the Transportation Security Administration on or about August 15, 2025, in the amount of one million dollars ($1,000,000.00), using Standard Form 95 and supporting documentation, alleging negligence of TSA personnel in connection with the incident described below.

4. TSA Chief Counsel's Office acknowledged receipt and presentment of Plaintiff's administrative claim by correspondence dated August 22, 2025, advising that if the claim were denied or not resolved within six months, Plaintiff could file suit in an appropriate United States District Court.

5. More than six months have elapsed since presentment of Plaintiff's administrative claim, and the claim has not been resolved by full settlement; alternatively, to the extent the claim is denied in whole or in part, Plaintiff has exhausted the administrative remedies required by 28 U.S.C. § 2675(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred at the Luis Muñoz Marín International Airport, located in Carolina, Puerto Rico, within the District of Puerto Rico, and because Plaintiff resides in Puerto Rico.

## II.    Parties:

7. Plaintiff SANDRA W. ORTIZ ALVAREZ ("Plaintiff" or "Ms. Ortiz") is an adult citizen and resident of Puerto Rico, residing in Gurabo, Puerto Rico.

8. At all relevant times, Plaintiff was employed as a Transportation Security Officer (TSO) and Passenger Support Specialist at the TSA checkpoint at Luis Muñoz Marín International Airport, Carolina, Puerto Rico.

9. Defendant UNITED STATES OF AMERICA is the proper party defendant under the FTCA for claims arising out of the acts and omissions of employees of the Transportation Security Administration, a component of the United States Department of Homeland Security, acting within the scope of their federal employment.

10. At all times relevant, TSA supervisors, managers, and other TSA personnel responsible for the supervision, storage, and securing of TSA equipment in the Checkpoint Alpha Supervisors' Office at Luis Muñoz Marín International Airport were employees of the United States acting within the scope of their employment.

### III.   Factual Allegations:

11. On July 19, 2024, at approximately 8:59 a.m., Plaintiff was on duty and working in the Supervisors' Office at TSA Checkpoint Alpha in Terminal A of the Luis Muñoz Marín International Airport in Carolina, Puerto Rico.

12. Immediately before the incident, Plaintiff had provided Passenger Support Specialist assistance to two passengers, including a passenger with special needs, and thereafter returned to the Supervisors' Office to complete required documentation.

13. While seated at a desk in the Supervisors' Office, with her back to a wall or divider against which TSA equipment had been placed, Plaintiff was struck on the back of her head and upper body by a heavy metal panel or plate of approximately seven (7) feet in length that suddenly fell.

14. The metal panel was a calibration tool or similar component used for the Advanced Imaging Technology screening machine, and it had been stored for

months in the Supervisors' Office in an unsecured and unstable position, propped against an office divider or wall behind Plaintiff's seating area.

15. TSA personnel later confirmed that the metal panel had been kept in that location for an extended period and had not been properly secured to prevent it from falling, and that following the incident it was moved and secured behind a file cabinet.

16. At the time of the incident, the metal panel and the Supervisors' Office where the incident occurred were under the care, custody, and control of TSA and its employees, who were responsible for the safe storage and securing of TSA equipment in that workspace.

17. The metal panel fell without warning and struck Plaintiff's head, neck, shoulder, and upper back, causing immediate pain and shock.

18. Following the incident, Plaintiff reported the event to her supervisors, prepared an employee incident statement, and was directed by TSA management and Human Resources to obtain medical evaluation and treatment.

19. Plaintiff was transported to, and received emergency medical treatment at, Hospital Pavía Caguas, and due to ongoing and increasing pain, she returned again to the emergency room for further evaluation and treatment.

20. Plaintiff was diagnosed with injuries including cervicalgia and trauma to her head, neck, left shoulder, back, and cervical spine, and she has required ongoing physical therapy and pain management, including medication.

21. Since the incident, Plaintiff has continued to suffer from physical pain, limitations in range of motion, and functional restrictions affecting her work and daily activities.

22. Plaintiff has also suffered and continues to suffer emotional distress, anxiety, and concern regarding her ability to carry out her work duties and her responsibilities as a caregiver to her father due to the limitations caused by her injuries.

23. As a direct and proximate result of the incident, Plaintiff has incurred and will continue to incur medical expenses, including emergency care, diagnostic studies, physician visits, therapy, and medications.

24. As result of the injury sustained, Plaintiff was required to obtain a disability card to accommodate mobility limitations and accessibility needs.

25. As a direct and proximate result of the injury, Plaintiff has required continuous physical therapy from the date of injury through the present date.

26. As a direct and proximate result of the injury, Plaintiff requires ongoing prescription medication for pain management.

27. Plaintiff has also sustained lost wages and/or loss of earning capacity as a result of her injuries and related work restrictions.

28. By letter dated March 7, 2025, Plaintiff's counsel provided formal notice of Plaintiff's claim and demand for damages in the amount of one million dollars ($1,000,000.00) to Aerostar Airport Holdings, LLC, Puerto Rico Ports Authority, and the Puerto Rico Department of Justice, describing the incident and Plaintiff's injuries.

29. Aerostar's insurer subsequently denied Aerostar's liability, asserting that the metal calibration tool and the office space where the incident occurred were in the care, custody, and control of TSA, and that only TSA personnel had access to the Supervisors' Office without express TSA permission.

30. Plaintiff thereafter presented a formal administrative claim against the United States under the FTCA to TSA on August 15, 2025, seeking one million dollars ($1,000,000.00) in damages for personal injuries arising from the incident.

### IV.   Cause Of Action:
### (Negligence Under The Federal Tort Claims Act)

28. Plaintiff re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. Under Puerto Rico law, the United States, if a private person, would be liable for the negligent acts and omissions described herein pursuant to Puerto Rico Civil Code provisions governing fault-based liability (responsabilidad extracontractual) for failure to exercise due care and for causing damage through negligence.

30. TSA employees responsible for the storage, placement, and securing of the metal calibration panel owed Plaintiff a duty to exercise reasonable care to maintain the Supervisors' Office in a safe condition and to avoid creating foreseeable risks of harm to TSA personnel working in that space.

31. TSA supervisors and other TSA personnel also owed Plaintiff a duty to inspect, correct, and/or warn of dangers associated with the unsecured placement of heavy equipment such as the metal calibration panel in areas where employees sit and perform administrative duties.

32. Defendant, through its employees, breached these duties by, among other things:

6

  a)   Storing a heavy metal calibration panel in an unstable, unsecured, and dangerous position, propped against an office divider or wall behind a workstation.

  b)   Failing to secure or anchor the panel to prevent it from falling.

  c)   Failing to relocate the panel to a safe storage area away from employee seating and workstations.

  d)   Failing to conduct reasonable inspections of the office area to identify and correct this dangerous condition; and

  e)   Failing to warn Plaintiff of the danger posed by the improperly stored metal panel.

33. The falling of the metal panel onto Plaintiff was a foreseeable consequence of storing such a heavy object in an unsecured manner, and a reasonably prudent person or entity in Defendant's position would have taken steps to prevent such an incident.

34. Defendant's negligent acts and omissions were the direct and proximate cause of the metal panel's fall and of Plaintiff's resulting injuries and damages.

35. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained:

  a) Physical injuries to her head, neck, left shoulder, back, and cervical spine.

  b) Pain and suffering, both past and continuing.

  c) Emotional distress and mental anguish.

  d) Loss of enjoyment of life and impairment of activities of daily living.

  e) Medical expenses, past and future; and

      f) Lost wages and/or diminished earning capacity.

36. Plaintiff seeks recovery of a sum certain of one million dollars ($1,000,000.00), consistent with the amount claimed in her administrative FTCA claim, together with any additional relief allowed by law.

### V.  Prayer For Relief:

**WHEREFORE**, Plaintiff SANDRA W. ORTIZ ALVAREZ respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against Defendant UNITED STATES OF AMERICA in the amount of one million dollars ($1,000,000.00) in compensatory damages, or such other amount as is proven at trial and permitted under the FTCA.

B. Award Plaintiff costs of suit as allowed by law.

C. Award pre- and post-judgment interest as permitted by applicable law; and

D. Award such other and further relief as this Court deems just and proper.

In Bayamon, Puerto Rico, today February 18, 2026.

**Respectfully Submitted.**

*s/Julio E. Gil de Lamadrid*
USDC-PR 126505
A-11 Granada St.
Reparto Alhambra
Bayamon, PR 00957
Telephone: 787-786-7805
jgil@gildelamadrid-psc.com